**William H. Selle, Defendant in Error, v. Bernhard Rosenstiel, Plaintiff in Error.**

**Gen. No. 21,199.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 1, 1916. Rehearing denied February 11, 1916.

### Statement of the Case.

Action for malicious prosecution by William H. Selle, plaintiff, against Bernhard Rosenstiel, and Abraham Stiefel, and Ed. Rosenstiel, son of Bernhard Rosenstiel, defendants, in the Municipal Court of Chicago. The jury found Abraham Stiefel not guilty and the two Rosenstiels guilty, and assessed plaintiff's damages at $1,000. Subsequently, on plaintiff's motion, the writ was dismissed as to Ed. Rosenstiel. Judgment was rendered against Bernhard Rosenstiel for $1,000, to reverse which he prosecutes this writ of error.

Plaintiff alleged in his second amended statement of claim, in substance, that on July 9, 1913, the defendants in pursuance of a conspiracy went to a store in Chicago where plaintiff was employed and assaulted and maltreated plaintiff; and on July 10, 1913, the defendants, conspiring and maliciously intending to injure plaintiff, caused a warrant to be issued for plaintiff's arrest upon a complaint charging an assault and battery, etc., and caused plaintiff's arrest and imprisonment; that on July 30, 1913, plaintiff upon a trial was found not guilty and duly acquitted; and that the prosecution had wholly ended.

The defendants entered a joint appearance and filed separate affidavits of merits.

The controversy appeared to have arisen over furniture bought by plaintiff of Bernhard Rosenstiel and

Abraham Stiefel, copartners, and later with the consent of said defendants taken by plaintiff's mother, who refused to make payments or deliver the furniture.

July 9, 1913, Bernhard and Ed. Rosenstiel called on plaintiff at the store where plaintiff was employed, and inquired why payments had not been made or the furniture returned. Plaintiff testified that on his attempting to explain, Bernhard Rosensteil accused plaintiff of stealing the furniture and of being a thief, and further said: "When we get through with you, you won't have any job. We will follow you to the end of the earth. Not only that, we will take you down in the alley and kick your  *  *  *  head off."

The testimony was conflicting as to who struck the first blow. Bernhard Rosenstiel testified that he went to a physician's office for treatment, and then went to Fox Lake, Illinois. Ed. Rosenstiel testified that he accompanied his father to the train and they talked of arresting plaintiff. Bernhard Rosenstiel further testified that on July 10th he arrived in Chicago about 8:45 a. m., and consulted his attorney at his office, telling him of the occurrences, and was advised to have plaintiff arrested; and that then he went to court and made affidavit to and filed a complaint at about 10 o'clock. The record of the prosecution which was in evidence disclosed that the complaint was filed July 10, 1913; that it alleged that on July 9, 1913, William H. Selle did aid and assist in a riot and breach of the peace, and did unlawfully and wilfully assault another person; that Selle would escape unless arrested and that he was not a resident of the City of Chicago, was only temporarily in said city and was about to depart from same; that a warrant was issued and that plaintiff was arrested and brought into court July 18th, and that after a full hearing was found not guilty and discharged. Plaintiff testified that he was confined in a cell for about four hours before he was released on bail. It further appeared that after the

arrest and up to the time of the trial of this action, plaintiff's mother had made payments on the furniture.

CHARLES W. STIEFEL and JOHN B. HEINEMANN, for plaintiff in error.

R. C. DARLEY and B. F. JOHNSTON, for defendant in error; J. K. McMAHON, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 13*—*when person acting on advice of counsel protected.* One who in good faith institutes a criminal prosecution on the advice of counsel is not liable in an action for malicious prosecution for so doing if such person in obtaining such advice communicates to such counsel all the facts of which he has knowledge, or could have ascertained by reasonable diligence bearing on the guilt of the accused.

2. MALICIOUS PROSECUTION, § 78*—*what evidence essential to establish that defendant acted under advice of counsel.* In an action for malicious prosecution, in order to sustain a plea that defendant acted under the advice of counsel, it must appear that he in good faith made a full and fair statement to such counsel of all material facts and in good faith acted on such advice.

3. MALICIOUS PROSECUTION, § 85*—*when question whether defendant fairly communicated facts to counsel and acted in good faith on advice for jury.* Where a defendant in an action of malicious prosecution defends on the ground that he acted under the advice of counsel, the question whether defendant fairly communicated all the material facts to such counsel and acted on the advice in good faith is a question of fact to be determined by the jury on all the evidence.

4. TORTS, § 17*—*when judgment may be taken against one defendant upon dismissal as to another.* In an action of tort it is not error to dismiss as to one defendant on motion of plaintiff after a verdict of guilty as to both and to enter judgment against the other defendant on the verdict, since in such case defendants might have been separately sued.

5. MALICIOUS PROSECUTION, § 98*—*when verdict not disturbed.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action of malicious prosecution the amount of damages to be awarded is a question for the jury, and its verdict as to damages will not be disturbed unless manifestly excessive.

6. MALICIOUS PROSECUTION, § 97*—*when punitive damages recoverable.* Punitive damages are recoverable in an action for malicious prosecution where the arrest is made under such circumstances as to indicate a wanton disregard by defendant of the rights of plaintiff in causing his arrest, or where the arrest is procured by means of a false affidavit.

7. MALICIOUS PROSECUTION, § 97*—*how punitive damages should be assessed.* In assessing punitive damages in actions of malicious prosecution there should be a wide difference between cases where defendant slightly fails to use ordinary care and acts without justifiable cause, but without malice, in causing plaintiff's arrest, and cases where defendant intended to do plaintiff a wrong, and uses criminal process to gratify hatred and ill-will, each case being governed by its own facts, and to be decided reasonably and equitably.

8. MALICIOUS PROSECUTION, § 98*—*when verdict not excessive.* In an action for malicious prosecution, where plaintiff after his arrest on a criminal warrant was in confinement in a cell for four hours before being released on bail, a verdict for plaintiff for $1,000 *held* not so excessive as to indicate passion or prejudice in the minds of the jury.

9. APPEAL AND ERROR, § 1406*—*when verdict not disturbed on ground of excessiveness on appeal.* The Appellate Court is not warranted in reducing the amount of a verdict, although on some single aspect of the case a smaller amount would be more satisfactory, where the trial court when appealed to refused to interfere and where the Appellate Court is unable to assign a clear and satisfactory reason for interference.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.